IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TWIN CITY FIRE INSURANCE          )
COMPANY,                          )
                                  )
            Plaintiff,            )
                                  )
v.                                )          Case Number 4:09-CV-00352
                                  )
KEY ENERGY SERVICES, INC.,        )
                                  )
            Defendant.            )
_____)

## DEFENDANT KEY ENERGY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY ACTION, AND BRIEF IN SUPPORT

Lyle Rathwell                          Of Counsel:
S.D. ID No. 11361                      John M. Sylvester (*pro hac vice* admission pending)
State Bar No. 16562500                 PA I.D. No. 42479
RATHWELL DE FORD & WALLISON            Jeremy C. Smith (*pro hac vice* admission pending)
25511 Budde Rd., Suite 601             PA I.D. No. 93417
The Woodlands, Texas 77380             K&L Gates LLP
Telephone:   281.296.8900              PA Firm No. 148
Facsimile:   281.296.6970              Henry W. Oliver Building
                                       535 Smithfield Street
***Attorney in Charge for Defendant Key***   Pittsburgh, PA 15222
***Energy Services, Inc.***            Telephone:   412.355.6500
                                       Facsimile:   412.355.6501

Dated: March 12, 2009

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS...................................................................................................... i

TABLE OF AUTHORITIES .............................................................................................. ii

INDEX OF EXHIBITS...................................................................................................... iv

I.      INTRODUCTION ....................................................................................................1

II.     BACKGROUND .....................................................................................................2

      A.      The Twin City Policy and Other Relevant Insurance Policies ............................... 2

      B.      The Settlement of the Underlying Lawsuits ......................................................... 3

      C.      Twin City's Wrongful Denial of Coverage ......................................................... 4

      D.      Key Energy's State Court Action and Twin City's Federal Court Action ............. 5

III.     ARGUMENT.............................................................................................................5

      A.      Legal Standard for A Federal Court's Adjudication of a Declaratory Judgment Action.................................................................................................................. 5

      B.      This Court Is Without Authority to Issue Declaratory Relief................................ 6

      C.      The Court Should Exercise its Discretion to Dismiss or Stay this Action ............. 9

CONCLUSION................................................................................................................16

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

Page

### Federal Cases

131 Fed. Appx. 970, 972-73 (5th Cir. 2005) ................................................................ 11, 14, 15

Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942) ................................. 2, 6, 9, 13

Clarendon Am. Ins. Co. v. Faulk & Foster Real Estate Servs., 2005 WL 1523332, at *2
    (W.D. La. June 24, 2005) ............................................................................................. 11, 15, 16

Crosley Corp. v. Westinghouse Elec. & Mfg. Co., 130 F.3d 474, 475 (3d Cir. 1942) ................... 8

Eastman Med. Prods., Inc. v. E.R. Squibb & Sons, Inc., 199 F. Supp. 2d 590, 595 (N.D.
    Tex. 2002) ............................................................................................................................... 8

Federal Ins. Co. v. Safeskin Corp., 1998 WL 832706, at *1 (S.D.N.Y. Nov. 25, 1998) .............. 12

Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 938 (Fed. Cir. 1993) .................................... 8

Lateena Girls, LLC v. Latina Media Ventures, LLC, 2006 WL 2547884, at *4 (W.D. Tex
    Aug. 9, 2006) ..................................................................................................................... 13, 15

Little Giant Mfg. Co. v. Chromalox Indus. Heating Prods., 1996 WL 363026, at *8 (E.D.
    Tex. June 26, 1996) ............................................................................................................ 11, 13

Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 602 & n.3 (5th Cir. 1983) ............... 12

Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000) ...................................... 5

Pa. Gen. Ins. Co. v. CaremarkPCS, 2005 WL 2041969, at *4-6 (N.D. Tex. Aug. 24,
    2005) .................................................................................................................................. 8, 12

Research In Motion, Ltd. v. Motorola, Inc., 2008 WL 5191922, at *2 (N.D. Tex. Dec. 11,
    2008) ...................................................................................................................................... 7

*RLI Ins. Co. v. Wainoco Oil & Gas Co.* ("*RLI*"), Civ. Action No. H-04-0553, at pp. 14-
    16 (S.D. Tex. April 24, 2004) .............................................................................................. 11

Rowan Cos. v. Griffin, 876 F.2d 26, 27-28 (5th Cir. 1989) ................................................... 5, 6

Royal Ins. Co. v. Quinn-L Capital Corp., 3 F.3d 877, 883-86 (5th Cir. 1993) .............................. 7

Sabre, Inc. v. Northwest Airlines, Inc., 2004 WL 2533867, at *3 (N.D. Tex. Nov. 8,
    2004) ...................................................................................................................................... 7

Samuels v. Mackell, 401 U.S. 66, 72 (1971) ......................................................................... 6, 7

Scottsdale Ins. Co. v. Bayou Land & Marine, 1999 WL 777714, at *5 (E.D. La. Sept. 30,
    1999) .................................................................................................................................. 9, 13

Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 390 (5th Cir. 2003) ............................. 9

St. Paul Insurance Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994) ................................................ 10, 12

Star Ins. Co. v. New Orleans Jazz & Heritage Foundation, Inc., 1994 WL 148777, at *3
    (E.D. La. Apr. 19, 1994) ....................................................................................................... 12

Sutter Corp. v. P & P Indus., Inc., 125 F.3d 914, 920 (5th Cir. 1997) ................................... 11, 12

Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir.
    1993) .............................................................................................................................. passim

Trent v. Nat'l City Bank of Ind., 145 Fed. Appx. 896, 898 n.3 (5th Cir. 2005) (per curiam) ......... 9

Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) ............................................................. 9, 10

### Federal Statutes

28 U.S.C. § 2201(a) .............................................................................................................. 9

Anti-Injunction Act (28 U.S.C. § 2283 .............................................................................. 1, 6, 8

Declaratory Judgment Act (28 U.S.C. § 2201 ......................................................................... 1

## State Rules

Federal Rules of Civil Procedure 12(b)(1)...................................................................... 1

## <u>INDEX OF EXHIBITS</u>

Exhibit A:          Twin City Policy

Exhibit B:          National Union Policy

Exhibit C:          RLI Policy

Exhibit D:          Key Energy's Complaint in the State Court Action

Exhibit E:          Court's Notice of Electronic Filing of Twin City's Complaint

Exhibit F:          *Trent v. Nat'l City Bank of Ind.*, 145 Fed. Appx. 896 (5th Cir. 2005)

Exhibit G:          *RLI Ins. Co. v. Wainoco Oil & Gas Co. ("RLI II")*, 131 Fed. Appx. 970
                    (5th Cir. 2005)

Exhibit H:          *RLI Ins. Co. v. Wainoco Oil & Gas Co.* ("*RLI*"), Civ. Action No. H-04-
                    0553 (S.D. Tex. April 24, 2004

## DEFENDANT KEY ENERGY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY ACTION, AND BRIEF IN SUPPORT

Defendant, Key Energy Services, Inc. ("Key Energy"), by its undersigned counsel, files the following Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Stay Action, and Brief in Support thereof:

## I.   INTRODUCTION

Key Energy hereby moves the Court to dismiss Plaintiff Twin City Insurance Company's ("Twin City") Complaint, or in the alternative, to stay this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Anti-Injunction Act (28 U.S.C. § 2283), and the Declaratory Judgment Act (28 U.S.C. § 2201).

This action involves an insurance coverage dispute regarding the obligations of an excess insurer, Twin City, to provide coverage to Key Energy for liabilities arising out of underlying securities and shareholder derivative litigation.  In light of Twin City's wrongful denial of coverage with respect to the underlying litigation, on February 9, 2009 at 12:03 a.m., Key Energy commenced a state-court action against Twin City by filing its Petition for Declaratory Judgment and Breach of Contract in the District Court of Midland County, Texas (the "State Court Action").  On information and belief, more than eight hours after Key Energy filed the State Court Action, Twin City filed its Complaint with this court at 8:16 a.m. on February 9, 2009.  The State Court Action and this action present the identical, single issue: whether Twin City may be excused from providing coverage otherwise owed for the liabilities arising out of the underlying litigation above its policy's attachment point simply because the underlying insurer, RLI, settled its coverage obligation by paying $9 million of the $10 million limits of liability of RLI's policy.  As Key Energy will demonstrate to the Court that resolves the merits of

this issue, Twin City should not be so excused because it is undisputed that its policy otherwise applies to this loss and the applicable policy language and law dictate that Twin City honor its coverage obligations.

In ruling upon Key Energy's Motion, the Court should dismiss this action because the Anti-Injunction Act bars Twin City's claims against Key Energy, in light of Key Energy's first-filed State Court Action.  Alternatively, the Court should exercise its discretion to dismiss or stay this action pursuant to the holding of the Supreme Court of the United States in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), because, *inter alia*, the choice of forum of the insured and true plaintiff, Key Energy, is entitled to deference.  Thus, the State Court Action is the proper forum to resolve the parties' dispute, which is governed by Texas state law.

## II.      BACKGROUND

### A.      The Twin City Policy and Other Relevant Insurance Policies

In exchange for substantial premiums, Twin City sold Policy No. DA014841803 to Key Energy, providing directors and officers liability coverage for, among other things, securities and shareholder derivative claims against Key Energy and the individual insureds, including Key Energy's directors and officers, arising out of wrongful acts allegedly committed by Key Energy and the individual insureds, including Key Energy's directors and officers, for the policy period from August 23, 2003 to August 23, 2004 ("Twin City Policy").  *See* Exhibit A.  The Twin City Policy is a second-layer excess policy with $10 million limits of liability that attaches above the lower-layer policies described below that were issued by two other insurers, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and RLI Insurance Company ("RLI").  National Union issued a primary Executive and Organization Liability Insurance Policy No. 343-49-58 to Key Energy for the same policy period ("National Union Policy"), which attaches above a self-insured retention.  *See* Exhibit B.  RLI issued a first-layer excess policy No.

EPG0002687 to Key Energy ("RLI Policy"), which attaches above the National Union Policy. *See* Exhibit C.

**B.      The Settlement of the Underlying Lawsuits**

Beginning in June 2004, Key Energy and certain of its officers and directors were named as defendants in shareholder securities class-action lawsuits and shareholder derivative actions brought in the United States District Court for the Western District of Texas and in Texas state court in Midland County and Harris County ("Securities Class Action Lawsuits" and "Derivative Actions," respectively, which lawsuits are collectively referred to herein as the "Underlying Lawsuits"). Key Energy entered into a settlement of the Securities Class Action Lawsuits[1] dated November 16, 2007 and a settlement of the Derivative Actions[2] dated November 20, 2007, (collectively, "Settlements") for a combined sum of $16,625,000. The Settlements were entered into with the full knowledge of Twin City, and Twin City did not object to the reasonableness of Key Energy entering into these Settlements for the combined sum of $16,625,000. Final Court approval of the Settlements was obtained on or about March 6, 2008 and the settlements were then effectuated.

In connection with the Settlements, National Union paid the full $10 million limits of liability of the National Union Policy without entering into any written agreement with Key Energy in connection with such payment. (Before National Union had paid the full limits of

---

[1] *Kaltman v. Key Energy Services, Inc., et al.*, W.D. Tex., Civil Action No. MO-04-CV082; *Lord v. Key Energy Services, Inc., et al.*, W.D. Tex., Civil Action No. 7:04-00083; *Navon v. Key Energy Services, Inc., et al.*, W.D. Tex., Civil Action No. 7:04-00090; *Ortbals v. Key Energy Services, Inc., et al.*, W.D. Tex., 7:04-cv-00104; *Steward v. Key Energy Services, Inc., et al.*, W.D. Tex., Civil Action No. 7:04-cv-00158; *Garco Investments, LLP v. Key Energy Services, Inc., et al.*, W.D. Tex., Civil Action No. 7:04-cv-00159.

[2] *In Re Key Energy Services, Inc. Derivative Litigation*, W.D. Tex., Civil Action No. MO-05-CV-044; *Moonlight Investments, Ltd. v. John, et al.*, Cause No. 2004-CV-44728, 385th Judicial Dist. Midland County, Texas; a purported shareholder derivative demand letter from Jeffrey P. Fink, Esq. of Robbins Umeda & Fink, LLP dated January 22, 2007 (shareholder Sandra Weissman); and the derivative action captioned: *Weissman v. John, et al.*, Cause No. 2007-31254, 270th Judicial Dist. Harris County, Texas.

liability under the National Union Policy, Key Energy had borne the $1 million deductible underlying that policy). Then, pursuant to a Settlement Agreement dated November 21, 2007, between RLI and Key Energy, RLI agreed to pay $9 million, rather than the $10 million limits of liability of the RLI Policy, to settle its coverage obligations for the Underlying Lawsuits.

### C.    Twin City's Wrongful Denial of Coverage

Key Energy reserved its right to recover from Twin City any amounts expended in defense and settlement of the Securities Class Action Lawsuits and Derivative Actions above the attachment point of Twin City Policy, which attachment point is $20 million above the $1 million deductible. By letter dated June 4, 2008, counsel for Key Energy advised counsel for Twin City that Key Energy had incurred $5,289,424.56 in defense costs for the Underlying Lawsuits such that the combined total of the settlement payments and defense costs was $21,914,424.56, and Key Energy provided documentation supporting its claim for coverage. Further, in this letter, counsel for Key Energy requested reimbursement from Twin City of $914,424.56, which represents only that portion of the settlement payments and defense costs above the attachment point of Twin City Policy. Key Energy had agreed to itself bear the $1 million difference between RLI's $10 million policy limits and RLI's $9 million settlement payment.

By letters dated June 20, 2008 and July 31, 2008, counsel for Twin City denied that it had any obligation to reimburse Key Energy for those amounts that exceed the attachment point of Twin City Policy on the grounds that RLI had failed to pay the full amount of its limits of liability. Twin City does not dispute that the Twin City Policy would otherwise provide coverage if RLI had paid the full $10 million limits of liability of the RLI Policy. By letter dated July 21, 2008, counsel for Key Energy set forth its position that Twin City's denial of coverage was unwarranted.

-4-

In August 2008, Key Energy initiated mediation in an attempt to resolve the parties' dispute pursuant to the Alternative Dispute Resolution ("ADR") provision in the National Union Policy, which is incorporated by reference in the Twin City Policy. The mediation was unsuccessful.

### D.     Key Energy's State Court Action and Twin City's Federal Court Action

In light of Twin City's wrongful denial of coverage, on February 9, 2009 at 12:03 a.m., Key Energy commenced a state court action against Twin City by filing its Petition for Declaratory Judgment and Breach of Contract in the District Court of Midland County, Texas (the "State Court Action"). *See* Exhibit D. On information and belief, over eight hours after Key Energy filed the State Court Action, Twin City filed its Complaint with this court at 8:16 a.m. on February 9, 2009. *See* Exhibit E (the Court's Notice of Electronic Filing). On March 2, 2009, Twin City filed a Motion for Summary Judgment in this action. The State Court Action and this action present the identical, single issue: whether Twin City may be excused from providing coverage otherwise owed for the liabilities arising out of the Underlying Lawsuits above the Twin City Policy's attachment point simply because the underlying insurer, RLI, settled its coverage obligation by paying $9 million of the $10 million limits of liability of the RLI Policy.

## III.   ARGUMENT

### A.     Legal Standard for A Federal Court's Adjudication of a Declaratory Judgment Action

When considering whether to exercise jurisdiction over a declaratory judgment action, a federal district court must engage in a three-step inquiry. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, The Court must first determine whether the declaratory judgment action is justiciable, *i.e.*, whether 'an actual controversy' exists between the parties to the action." *Id.* (citing *Rowan Cos. v. Griffin*, 876 F.2d 26, 27-28 (5th Cir. 1989)). Second, the

Court must determine whether it has authority to grant declaratory relief under the facts

presented. *Id.* (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774,

776 (5th Cir. 1993)). Third, if it determines that it has the authority to grant declaratory relief,

the Court must consider how to exercise its broad discretion to decide or dismiss a declaratory

judgment action. *Id.* (citing *Travelers*, 996 F.2d at 778).

In this case, Key Energy does not contest that an actual controversy exists with Twin

City. Indeed, Key Energy has attempted to resolve this controversy by initiating the first-filed

State Court Action. In light of the pendency of the State Court Action, the Anti-Injunction Act

deprives this Court of authority to render declaratory relief in this action. Moreover, even

assuming *arguendo* that the Court were to determine that it has authority to issue declaratory

relief, which it does not, the Supreme Court's decision in *Brillhart v. Excess Insurance Co. of

America*, 316 U.S. 491 (1942), directs that the Court exercise its broad discretion to dismiss or

stay this case in favor of the State Court Action.

## B.    This Court Is Without Authority to Issue Declaratory Relief

The Anti-Injunction Act provides:

> A court of the Untied States may not grant an injunction to stay
> proceedings in a State court except as expressly authorized by Act
> of Congress, or where necessary in aid of its jurisdiction, or to
> protect or effectuate its judgments.

28 U.S.C. § 2283. Under well-established Fifth Circuit precedent, "when a state lawsuit is

pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an

injunction - providing the declaratory plaintiff an end run around the requirements of the Anti-

Injunction Act." *Travelers*, 996 F.2d at 776; *see also Samuels v. Mackell*, 401 U.S. 66, 72

(1971) ("[O]rdinarily a declaratory judgment will result in precisely the same interference with

and disruption of state proceedings that the long-standing policy limiting injunctions was

-6-

designed to avoid."); *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988) (en banc) (holding that "[i]f an injunction would be barred by § 2283, this should also bar the issuance of a declaratory judgment that would have the same effect as an injunction"), *cert denied*, 490 U.S. 1035 (1989). Thus, a court cannot consider the merits of the declaratory judgment action when:

(1) a declaratory defendant has previously[3] filed a cause of action in state court against the declaratory plaintiff;

(2) the state case involves the same issues as those involved in the federal case; and

(3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act, *i.e.*, none of the exceptions to the Anti-Injunction Act apply.

*Jackson*, 862 F.2d at 506; *see also Samuels*, 401 U.S. at 73; *Travelers*, 996 F.2d at 776. Each of these three elements is present in this case, mandating dismissal of Twin City's claims against Key Energy. To hold otherwise would be "antithetical to the noble principles of federalism and comity." *Travelers*, 996 F.2d at 776; *Jackson*, 862 F.2d at 505.

First, Key Energy filed the State Court Action over eight hours before Twin City filed this action.[4] Second, the State Court Action involves precisely the same issue presented in this

---

[3] Although not relevant in this case because Key Energy's action was filed first, the Fifth Circuit has subsequently held that this element is met even where the state court action was filed after the federal declaratory judgment action unless the federal action was filed substantially before the state action and significant proceedings have taken place in the federal action. *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 883-86 (5th Cir. 1993).

[4] Any suggestion by Twin City that this element is lacking because the State Court Action and this action were filed on the same day – February 9, 2009 – is meritless. It is well-established that the first-to-file rule applies even when complaints are filed "almost simultaneously," even where filed mere minutes apart. *See, e.g., Research In Motion, Ltd. v. Motorola, Inc.*, 2008 WL 5191922, at *2 (N.D. Tex. Dec. 11, 2008) (recognizing that in granting a motion to transfer, judge in second-filed action's "decision rested on the 'first-filed' rule, holding that, although [defendant] filed its suit only minutes earlier than [plaintiff], the rule still applied"); *Sabre, Inc. v. Northwest Airlines, Inc.*, 2004 WL 2533867, at *3 (N.D. Tex. Nov. 8, 2004) (rejecting defendant's argument that where actions were filed "almost simultaneously," the first-to-file rule is inapplicable as "faulty" and "directly contrary" to Fifth Circuit precedent and further holding that even small, insignificant differences in time between the filings do not prevent the first-to-file rule from being controlling because it provides "clear answer to which action should be

action: whether Twin City may be excused from providing coverage otherwise owed for the liabilities arising out of the Underlying Lawsuits above the Twin City Policy's attachment point simply because the underlying insurer, RLI, settled its coverage obligation by paying $9 million of the $10 million limits of liability of the RLI Policy.

Third, the Anti-Injunction Act (the "Act") prohibits this Court from enjoining the state court proceedings because none of the exceptions apply. Under the Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. There is no Act of Congress that authorizes an injunction of the State Court Action, and an injunction is not necessary to aid this Court's jurisdiction or to protect or effectuate its judgments.[5] In sum, the Court has no authority to enjoin the State Court Action and, thus, has no authority to grant declaratory relief in this case. See Jackson, 862 F.2d at 506; see also Pa. Gen. Ins. Co. v. CaremarkPCS, 2005 WL 2041969, at *4-6 (N.D. Tex. Aug. 24, 2005) (holding that federal court action filed on the same day as insured's state court action was

---

controlling in terms of venue"; actions filed 1 day apart); Eastman Med. Prods., Inc. v. E.R. Squibb & Sons, Inc., 199 F. Supp. 2d 590, 595 (N.D. Tex. 2002) ("[Defendant] tacitly argues that, because the two cases were filed 'almost simultaneously,' the 'first to file' rule is less important. The case law does not support this view.") (further holding that defendant failed to show that "exceptional circumstances" justified departure from the "first to file" rule; 6-day difference in filing dates); see also Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 938 (Fed. Cir. 1993) (applying first-to-file rule where first action was filed only 1 day before second action), abrogated in part on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995) (standard of review for decisions granting or denying declaratory judgment); Crosley Corp. v. Westinghouse Elec. & Mfg. Co., 130 F.3d 474, 475 (3d Cir. 1942) ("Suffice it to say that we think [the principles underlying the first to file rule] just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits.").

[5] Moreover, this action does not fall within the "very small class of highly distinguishable cases" that meet the exception adopted by Travelers. 996 F.2d at 776-78. Unlike the insurer in Travelers, which filed its federal action in an attempt to resolve nineteen suits pending in three different Louisiana state courts (in three different appellate circuits) and potential future Mississippi state court suits consistently in a single forum, id. at 777 & n.8, here Twin City does not face any such risk of a multiplicity of lawsuits in different forums. Moreover, while Twin City has filed a premature motion for summary judgment, see note 10, infra, the parties have not engaged in any discovery and this action clearly is not in an advanced stage of litigation, unlike in Travelers, where the parties had actively engaged in litigation for two years and all but one of the insureds' claims were resolved. Id. at 775.

barred by Anti-Injunction Act and further dismissing action pursuant to *Brillhart*); *Canal Indem. Co. v. Wilburn Container X-Press, Inc.*, 907 F. Supp. 185, 188-91 (M.D. La. 1995) (dismissing insurer's declaratory judgment action under Anti-Injunction Act in light of insureds' first-filed coverage actions); *Scottsdale Ins. Co. v. Bayou Land & Marine*, 1999 WL 777714, at \*5 (E.D. La. Sept. 30, 1999) (holding that insurer's declaratory judgment action was barred by the Anti-Injunction Act even where filed after insured's state court action). Thus, the Court should dismiss this action against Key Energy in deference to the pending State Court Action.

**C.      The Court Should Exercise its Discretion to Dismiss or Stay this Action**

Even assuming *arguendo* that the Court were to determine that the Anti-Injunction Act does not bar this action, the Court should exercise its broad discretion to dismiss or stay this action in favor of the State Court Action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *see also* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.").[6] As reaffirmed in *Wilton*, the discretionary standard adopted by the Supreme Court in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), governs this Court's decision whether to stay this declaratory judgment action in favor of the State Court Action. *Id.*[7]

---

[6] *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390 (5th Cir. 2003) ("The Declaratory Judgment Act, 28 U.S.C. § 2201(a), is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.") (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

[7] The *Brillhart* standard applies because, although Twin City has included a breach-of-contract claim seeking "attorney fees, costs and other expenses in responding to Key Energy's initiation of the ADR process," Twin City's Complaint, ¶ 17 at 5, this prayer for relief does not constitute coercive relief under Fifth Circuit precedent. *See, e.g., Trent v. Nat'l City Bank of Ind.*, 145 Fed. Appx. 896, 898 n.3 (5th Cir. 2005) (per curiam) (holding that the Fifth Circuit has never held that a request solely for attorney's fees and costs constitutes a request

-9-

*Brillhart* does not set forth an exhaustive list of factors, but provides guidance to the court in exercising its discretion. *Wilton*, 515 U.S. at 282. Consistent with *Brillhart's* guidance, the Fifth Circuit applies the factors set forth in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), when considering whether a district court should exercise its discretion to stay a declaratory judgment action. *See Sherwin-Williams*, 343 F.3d at 390. These factors are as follows:

> (1)    whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2)    whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3)    whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4)    whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exist;
>
> (5)    whether the federal court is a convenient forum for the parties and witnesses;
>
> (6)    whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7)    whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Trejo*, 39 F.3d at 590-91. All of the factors that apply in this case weigh strongly in favor of dismissing or staying this action in favor of the State Court Action.[8]

---

for coercive relief, declining to adopt such a rule, and recognizing that to "rule otherwise would essentially swallow the entire *Brillhart* doctrine since most complaints contain boiler plate requests for costs and attorney's fees"), attached hereto as Exhibit F.

    [8] The seventh *Trejo* factor does not apply because no state judicial decree is involved.

The first *Trejo* factor weighs in favor of declining jurisdiction because all of the matters in controversy may be fully litigated in the currently pending State Court Action. The State Court Action involves the same parties and the same issue regarding coverage for the Underlying Lawsuits that has been raised in this action. *Sherwin-Williams*, 343 F.3d at 393 (holding that the extent of similarity between the federal and state court actions is a key factor militating against exercising jurisdiction). Thus, the Texas state court will determine the rights and obligations of Twin City and the Key Energy under the Twin City Policy. Indeed, the State Court Action is more comprehensive because Key Energy also asserts a breach-of-contract claim, whereas Twin City's action effectively seeks only declaratory relief. For these reasons, the first factor clearly favors abstention. *See RLI Ins. Co. v. Wainoco Oil & Gas Co. ("RLI II")*, 131 Fed. Appx. 970, 972-73 (5th Cir. 2005)[9]; *see also RLI Ins. Co. v. Wainoco Oil & Gas Co. ("RLI I")*, Civ. Action No. H-04-0553, at pp. 14-16 (S.D. Tex. April 24, 2004); *Little Giant Mfg. Co. v. Chromalox Indus. Heating Prods.*, 1996 WL 363026, at *8 (E.D. Tex. June 26, 1996); *Clarendon Am. Ins. Co. v. Faulk & Foster Real Estate Servs.*, 2005 WL 1523332, at *2 (W.D. La. June 24, 2005).

The second "anticipatory lawsuit" *Trejo* factor strongly weighs in favor of abstention. Here, Twin City did not file its claims against Key Energy merely in anticipation of a lawsuit filed by them, but rather Twin City filed its claims against Key Energy *after* Key Energy sued Twin City in the State Court Action. Thus, the State Court Action should be given precedence as the first filed. *See, e.g., Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997) (holding in the context of two competing federal court actions that "[t]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or

---

[9] Pursuant to Fifth Circuit Rule 47.5.4, a copy of this opinion is attached as Exhibit G. Also attached hereto as Exhibit H is a copy of the District Court opinion in the case.

transferred and consolidated"); *see also supra* note 4 (collecting cases).

Pursuant to the third and fourth *Trejo* factors, the Court should consider forum shopping and "whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exist." *Trejo*, 39 F.3d at 590-91. With respect to third factor, as discussed above, by seeking to litigate against Key Energy in this action instead of litigating in the prior pending State Court Action, Twin City has effectively filed an anticipatory lawsuit, which is an aspect of forum shopping. *See, e.g., Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 & n.3 (5th Cir. 1983) (holding that "anticipatory suits are disfavored because they are an aspect of forum-shopping" and affirming the district court's dismissal of an insurer's declaratory judgment action in favor of an insured's state action).

Likewise, the fourth factor strongly favors abstention because it would be inequitable to allow Twin City to defeat the first-filed rule and change Key Energy's choice of forum. Key Energy, as the insured, is the true plaintiff in this dispute because it is the injured party that seeks recovery of money from the other party that breached the contract between the parties. As such, Key Energy's choice of forum, rather than Twin City's, is afforded deference, especially when the insured's chosen forum is the most appropriate one under the circumstances. *See CaremarkPCS*, 2005 WL 2041969, at *6-7 (holding that insured, as putative plaintiff, should have the privilege of selecting the forum to enforce its rights); *Federal Ins. Co. v. Safeskin Corp.*, 1998 WL 832706, at *1 (S.D.N.Y. Nov. 25, 1998) (holding that the insured is the "true" plaintiff and that the insurers are the "true" defendants in an insurer's declaratory judgment action); *Star Ins. Co. v. New Orleans Jazz & Heritage Foundation, Inc.*, 1994 WL 148777, at *3 (E.D. La. Apr. 19, 1994) (holding that the insured is the "true plaintiff" in a declaratory judgment action initiated by an insurer); *see also Lateena Girls, LLC v. Latina Media Ventures, LLC*, 2006 WL

2547884, at *4 (W.D. Tex Aug. 9, 2006) (emphasizing "general policy that a party whose rights are [apparently] being infringed should have the privilege of electing where to enforce its rights").

Here, because it is undisputed that Texas law governs, the State Court Action is the proper forum to resolve the parties' dispute, particularly because no Texas court has ever addressed this issue. *See, e.g.*, *Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court raising the same issues, not governed by federal law, between the same parties. Gratuitous intervention with the orderly and comprehensive disposition of a state court litigation should be avoided."); *Sherwin Williams*, 343 F.3d at 390 (holding that if the federal declaratory judgment action "raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit"); *Little Giant*, 1996 WL 363026, at *8 (holding that federalism favors abstention where parties' dispute involves insurance coverage issues governed by state law); *RLI I*, at p. 21 (holding that where the case involves insurance coverage "issues [governed by] state law, there is no reason why this federal Court is in a better position to decide this case than the state court"); *Bayou*, 1999 WL 777714, at *6 (holding that it is "well established that state courts have a particular interest" in deciding state insurance law issues). Twin City's attempt to turn on their head well-settled choice-of-forum principles, which favor the true plaintiff's choice of forum, should be rejected. *Travelers*, 996 F.2d at 777 (holding that the court will not countenance a party filing a preemptive declaratory judgment action to subvert the real plaintiff's choice of forum in state court).

The fifth *Trejo* factor weighs in favor of abstention because the federal court is not as

convenient for the parties and witnesses. As an initial matter, Key Energy and Twin City may well ultimately agree that their dispute should be decided on summary judgment after a full factual record has been developed such that a trial of this case would be unlikely.[10] Thus, the relative convenience of witnesses to appear at trial and the availability of documents is less important here. In any event, Twin City is an Indiana corporation, not a Texas Company, and its principal offices are located in Indianapolis, Indiana and Hartford, Connecticut. None of their witnesses and relevant documents are located in either Houston or Midland. Specifically, Twin City's primary witness responsible for handling Key Energy's claim, James Palermini, Assistant Vice-President and Claims Counsel at The Hartford (Twin City's parent company) resides in Chicago, Illinois. Thus, at a minimum, Midland, Texas is no less convenient a forum for Twin City than Houston, Texas. Further, although Key Energy's headquarters are currently located in Houston, Twin City cannot attempt to rely upon the alleged convenience of Key Energy's witnesses as a factor favoring litigating in Houston because Key Energy desires to litigate this dispute in Midland. Indeed, Midland is the most convenient forum because (1) the Underlying Lawsuits were litigated in Midland, and (2) Key Energy's headquarters and principal place of business were located in Midland when the Twin City Policy was issued to Key Energy. Thus, this factor favors dismissing or staying this action. *See RLI II*, 131 Fed. Appx. at 973; *RLI I*, at p. 20.

Lastly, the sixth *Trejo* factor favors abstention because retaining this lawsuit would not favor judicial economy. Based on the strictures of the Anti-Injunction Act, the State Court Action cannot be enjoined. To allow this action to proceed as well would result in duplicative

---

[10] While Key Energy believes that its dispute with Twin City can be decided on summary judgment with the proper factual record, Twin City's motion for summary judgment is premature, particularly in light of the fact that Twin City filed its motion before Key Energy had even responded to Twin City's complaint or had any opportunity to conduct discovery to develop the factual record.

litigation with potentially inconsistent results. *Travelers*, 996 F.2d at 777 n.9 ("It is abundantly clear that multiple lawsuits on the same issue can result in differing and conflicting decisions and do result in a waste of judicial time and resources."); *Clarendon*, 2005 WL 1523332, at \*3 (holding that the possibility of inconsistent rulings on the coverage issues was key factor favoring dismissal of insurer's federal action). Moreover, because Texas law governs this dispute, it would be more efficient for the Texas state court in Midland to render determinations of state law, as opposed to compelling this Court to engage in an "*Erie*" guess on matters of undecided state law. *See RLI I*, at pp. 21; *Lateena Girls*, 2006 WL 2547884, at \*5-6.

In sum, consideration of the *Trejo* factors strongly leads to the conclusion that this case should be dismissed or stayed in favor of the first-filed State Court Action, where all issues that are in controversy can be heard and resolved by a Texas state court applying Texas law. *See RLI II*, 131 Fed. Appx. at 970; *see also RLI I*; *Lateena Girls*, 2006 WL 2547884, at \*1; *Clarendon*, 2005 WL 1523332, at \*1.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint because the claims therein are barred by the Anti-Injunction Act.  In the alternative, the Court should exercise its discretion to dismiss or stay this action pursuant to *Brillhart*.

Respectfully submitted,

Lyle Rathwell
S.D. ID No. 11361
State Bar No. 16562500
RATHWELL DE FORD & WALLISON
25511 Budde Rd., Suite 601
The Woodlands, Texas 77380
Telephone:     281.296.8900
Facsimile:     281.296.6970

Attorney in Charge for Defendant Key Energy Services, Inc.

Of Counsel:

John M. Sylvester (*pro hac vice* admission pending)
PA I.D. No. 42479
Jeremy C. Smith (*pro hac vice* admission pending)
PA I.D. No. 93417
K&L GATES LLP
PA Firm No. 148
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone:     412.355.6500
Facsimile:     412.355.6501

Dated: March 12, 2009

## CERTIFICATE OF SERVICE

I certify that on this 12th day of March 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Harvey G. Brown
WRIGHT BROWN & CLOSE LLP
Three Riverway, Suite 600
Houston, Texas 77056

I further certify that a true and correct copy of the foregoing was served on all other counsel of record by e-mail on this the 12th day of March 2009.

Lyle Rathwell