UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, an Indiana Corporation, | § § § | Case No: 4:09-cv-00352 |
| Plaintiff, | § § § | [Hon. Sim Lake] |
| v. | § § | |
| KEY ENERGY SERVICES, INC., a Maryland Corporation, | § § § § | |
| Defendant | § | |

**PLAINTIFF TWIN CITY FIRE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT KEY ENERGY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY ACTION AND MEMORANDUM IN SUPPORT**

Harvey G. Brown, Jr.,
S.D. ID. No.: 3178
Texas Bar No. 03130500
Wright Brown & Close, LLP
Three Riverway, Suite 600
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
brown@wrightbrownclose.com
*Attorney in Charge for*
*Plaintiff Twin City Fire Insurance Company,*
*an Indiana Corporation*

Michael F. Perlis (admitted *pro hac vice*)
Richard R. Johnson (admitted *pro hac vice*)
STROOCK & STROOCK & LAVAN, LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959
mperlis@stroock.com
rjohnson@stroock.com

**(ORAL ARGUMENT REQUESTED)**

Dated: April 1, 2009

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| | A. The Insurance Policies | 1 |
| | B. The Underlying Litigation and Settlements | 2 |
| | C. Key Energy's Claims for Insurance Coverage, Settlement with RLI, and ADR | 2 |
| | D. The Instant Litigation | 3 |
| III. | ARGUMENT | 4 |
| | A. The Legal Standard Governing Adjudication of Twin City's Action: Neither the Anti-Injunction Act nor *Brillhart* Applies | 4 |
| | 1. The Anti-Injunction Act | 4 |
| | 2. Twin City's Coercive Claim Renders *Brillhart* Abstention Inapplicable | 5 |
| | B. This Court Should Apply the Standards Applicable to Parallel Federal Actions and Retain Jurisdiction | 7 |
| IV. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

909 Corp. v. Bolingbrook Police Pension Fund,
 741 F. Supp. 1293 (S.D. Tex. 1990) ..................................................................................8

Adrian Energy Assocs. v. Michigan Pub. Service Comm'n,
 481 F.3d 414 (6th Cir. 2007) ...........................................................................................7

Alpha Telecommunications, Inc. v. Int'l Business Machines Corp.,
 194 Fed. Appx. 385, 389 (6th Cir. 2006) .........................................................................6

Amerada Petroleum Corp. v. Marshall,
 381 F.2d 661 (5th Cir. 1967) ...........................................................................................8

B & A Pipeline Co. v. Dorney,
 904 F.2d 996 (5th Cir. 1990) ...........................................................................................4

BP Exploration & Production, Inc. v. Callidus Technologies, L.L.C.,
 2002 WL 31175217 (E.D.La. September 27, 2002) ......................................................11

Berisford Capital v. Central States, Southeast & Southwest Areas Pension Fund,
 677 F. Supp. 220 (S.D.N.Y. 1988) .................................................................................10

Black Sea Inv., Ltd. v. United Heritage Corp.,
 204 F.3d 647 (5th Cir. 2000) .......................................................................................5, 6

Brillhart v. Excess Insurance Company of America,
 316 U.S. 491 (1942) ......................................................................................1, 4, 5, 6, 7

Colorado River Water Conservation Dist. v. United States,
 424 U.S. 800 (1976) ................................................................................................5, 7, 10

Evanston Ins. Co. v. Jimco, Inc.,
 844 F.2d 1185 (5th Cir. 1988) .........................................................................................6

Frank's Tong Service, Inc. v. Grey Wolf Drilling Co., LP,
 2007 WL 5186798 (S.D. Tex. Sept. 7, 2007) ..................................................................8

Government Employees Ins. Co. v. Dizol,
 133 F.3d 1220 (9th Cir. 1998) .........................................................................................7

Igloo Products Corp. v. The Mounties, Inc.,
 735 F.Supp. 214 (S.D. Tex. 1990) ............................................................................7, 8, 9

Intel Corp. v. Advanced Micro Devices, Inc.,
    12 F.3d 908 (9th Cir. 1993) ................................................................................................6

Johnson Bros. Corp. v. International Brotherhood of Painters,
    861 F. Supp. 28 (M.D. La. 1994) .........................................................................................8

Mann Mfg., Inc. v. Hortex, Inc.,
    439 F.2d 403 (5th Cir. 1971) ...............................................................................................8

McManus v. Bendlage,
    82 Cal. App. 2d 916 (2d Dist. 1947) ...................................................................................6

Mission Ins. Co. v. Puritan Fashions Corp.,
    706 F.2d 599 (5th Cir. 1983) ...............................................................................................8

Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1 (1983) .................................................................................................................5

Southwind Aviation v. Bergen Aviation,
    23 F.3d 948 (5th Cir.1994) ..............................................................................................6, 7

St. Paul Insurance Co. v. Trejo,
    39 F.3d 585 (5th Cir. 1994) .................................................................................................5

Stewart v. Western Heritage Ins. Co.,
    438 F.3d 488 (5th Cir. 2006) .............................................................................................10

Sutter Corp. v. P&P Indus., Inc.,
    125 F.3d 914 (5th Cir. 1997) .............................................................................................11

Texas Employers' Ins. Ass'n v. Jackson,
    862 F.2d 491 (5th Cir. 1988) ...............................................................................................4

Torch, Inc. v. LeBlanc,
    947 F.2d 193 (5th Cir.1991) ..............................................................................................11

Trent v. National City Bank of Indiana,
    145 Fed. Appx. 896, 898 (5th Cir. 2005) .............................................................................6

West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,
    751 F.2d 721 (5th Cir. 1985) .............................................................................................11

## STATUTES

22 U.S.C. § 2283 ................................................................................................................4

28 U.S.C. § 1404(a) .............................................................................................................9

Fed. R. Civ. P. 11 .........................................................................................................12, 13

Fed. R. Civ. P. 11(c)(3) .....................................................................................................12

Fed. R. Civ. P. 26(d) .......................................................................................................5, 10

# INDEX OF EXHIBITS

Exhibit 1:	Declaration of Richard R. Johnson with attachments

Exhibit 2:	Affidavit of Jennifer Hornback

Exhibit 3:	*Alpha Telecommunications, Inc. v. Int'l Business Machines Corp.*, 194 Fed. Appx. 385 (6th Cir. 2006)

Exhibit 4:	*BP Exploration & Production, Inc. v. Callidus Technologies*, *L.L.C.*, 2002 WL 31175217 (E.D.La. September 27, 2002)

Exhibit 5:	*Frank's Tong Service, Inc. v. Grey Wolf Drilling Co.*, *LP*, 2007 WL 5186798 (S.D. Tex. Sept. 7, 2007)

Exhibit 6:	*McManus v. Bendlage*, 82 Cal. App. 2d 916 (2d Dist. 1947)

Exhibit 7:	*Trent v. National City Bank of Indiana*, 145 Fed. Appx. 896 (5th Cir. 2005)

## I. INTRODUCTION

Plaintiff Twin City Fire Insurance Company ("Twin City") opposes Defendant Key Energy Services, Inc.'s ("Key Energy's") Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Stay Action (the "Motion to Dismiss or Stay") on the grounds that Key Energy has asserted the wrong legal standards for determining whether this Court should decide Twin City's action. The Anti-Injunction Act is inapplicable because there is no pending parallel state court action; Twin City removed Key Energy's case filed in state court in Midland, Texas to the United States District Court for the Western District of Texas, Midland-Odessa Division. The *Brillhart* abstention doctrine is inapplicable because, in addition to its claim seeking declaratory relief, Twin City has asserted a coercive claim for breach of contract. Thus, application of either legal standard would be erroneous. Twin City asserts that, since there is a parallel action pending in *federal* court, this Court should apply the standards applicable to such a parallel federal proceeding and should retain jurisdiction over Twin City's case.

## II. FACTUAL BACKGROUND

### A. The Insurance Policies

Twin City issued to Key Energy Services, Inc. ("Key Energy") Excess Financial Products Insurance Policy Number 00DA 0148418-03 (the "Excess Policy"), which provides excess coverage, with limits of liability of $10 million excess of $20 million, for claims first made during the Policy Period from 12:01 a.m. on August 23, 2003 to 12:01 a.m. on August 23, 2004. (See the Declaration of Richard R. Johnson, the "Johnson Decl.," Ex. C.)

The Excess Policy is excess to National Union Fire Insurance Company of Pittsburgh, PA ("National Union") Directors and Officers Liability Policy Number 3434958 (the "Primary Policy," Johnson Decl., Ex. A.), with limits of liability of $10 million, and a lower level excess policy issued by RLI Insurance Company ("RLI"), Policy Number EPG0002687, with limits of liability of $10 million (the "RLI Policy," Johnson Decl., Ex. B.) Collectively, the Primary and RLI Policies are referred to hereafter as the "Underlying Insurance."

1

Subsection (II)A of the Excess Policy provides that:
> It is expressly agreed that liability for any loss shall attach to the Underwriters only after the Primary and Underlying Excess Insurers shall have duly admitted liability and shall have paid the full amount of their respective liability (hereinafter referred to as the "Underlying Insurance") and the Underwriters shall then be liable to pay only such additional amounts up to the Limit of Liability set forth in Item C of the Declarations, which shall be the maximum liability of Underwriters in each policy Year.

Subsection III(B) of the Excess Policy provides that "[i]n no event shall this policy grant broader coverage than is provided by the most restrictive Primary or Underlying Excess Policy(ies)."

### B. The Underlying Litigation and Settlements

Key Energy was sued in a series of securities class actions which were consolidated into one action, with the Court designating MO-04-CV-082 as the lead case number. (Johnson Decl., Ex. D, at ¶¶ 10-14.) Additionally, certain shareholder derivative actions were asserted against Key Energy (collectively, with securities suits, the "Underlying Litigation"). (Johnson Decl., Ex. D, at ¶ 15.) Key Energy entered into a settlement of the securities actions on November 16, 2007, and a settlement of the derivative actions on November 20, 2007. (Johnson Decl., Ex. D, at ¶ 17.)

### C. Key Energy's Claims for Insurance Coverage, Settlement with RLI, and ADR

Key Energy made a claim under the National Union Primary Policy in connection with the Underlying Litigation, and National Union paid the full $10 million limits of its liability. (Johnson Decl., Ex. D, at ¶ 18.)

Pursuant to a confidential Release, Indemnity and Settlement Agreement dated November 21, 2007 between RLI and Key Energy, RLI agreed to pay $9 million, rather than the

$10 million limits of liability of the RLI Policy, in exchange for a release of its coverage obligations for the Underlying Litigation. (Johnson Decl., Ex. D, at ¶ 19.) RLI expressly denied liability. Key Energy agreed to pay the $1 million difference between RLI's $10 million policy limits and RLI's $9 million contribution. (*Id*.)

Key Energy, in a letter of June 4, 2008, demanded that Twin City pay to Key Energy $914,424.56 as reimbursement for defense costs it incurred in the securities class actions and shareholder derivative litigation. (Johnson Decl., Exs. E and D at ¶ 21.)

Twin City informed Key Energy that no coverage was available under the Excess Policy absent exhaustion of the Underlying Insurance by both National Union's and RLI's due admission of liability and full payment of their respective liability.

The Primary Policy includes an Alternative Dispute Resolution ("ADR") provision providing for two ADR options: binding arbitration or mediation followed by litigation. Such provision stated that ADR could be commenced in one of the five cities specified, or in Texas. (Johnson Decl., Ex. A at ¶ 17.) Key Energy selected Houston as the location, on the ground that proceeding in Houston (and specifically downtown) would be more convenient for Key Energy, and the parties participated in mediation there on December 9, 2008.

**D.     The Instant Litigation**

On February 9, 2009, Plaintiff Twin City filed its Complaint with this Court.[1] On that same day, Key Energy filed its Petition for Declaratory Judgment and Breach of Contract in the District Court of Midland County Texas.[2] On March 13, 2009, Twin City removed Key Energy's state court action to the United States District Court for the Western District of Texas, Midland-Odessa Division. (Johnson Decl., Ex. F.) On March 17, 2009, Twin City filed its

---

[1] Pursuant to the ADR provision, if an insured chooses to participate in non-binding mediation, as Key Energy did, the Policy provides that no judicial proceeding shall be commenced until 120 days have elapsed from the date of the termination of the mediation. In this case, the parties agreed to shorten the waiting period from 120 to 62 days such that February 9, 2009, was the first permissible day to commence proceedings. (Johnson Decl., Ex. H.)
[2] Key Energy filed its petition at 12:03 a.m. Due to complications with this Court's electronic filing system, Twin City was not able to file its complaint until 8:16 a.m., eight (8) hours after Key Energy. (See the Affidavit of Jennifer Hornback, the "Hornback Aff. ")

3

Answer to the Key Energy Complaint as well as its Motion to Stay or Transfer Venue to this Court on the grounds that this is the more appropriate forum in which to adjudicate the present dispute. (Johnson Decl., Ex. G.) Key Energy has made no attempt to remand this case.

### III. ARGUMENT

**A. The Legal Standard Governing Adjudication of Twin City's Action: Neither the Anti-Injunction Act nor *Brillhart* Applies**

    **1. The Anti-Injunction Act**

In its Motion, Key Energy argues first that this Court is without authority to issue declaratory relief pursuant to the Anti-Injunction Act, and second that this Court has discretion to dismiss or stay Twin City's action under the standard delineated in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942). Contrary to Key Energy's analysis, neither the Anti-Injunction Act nor the *Brillhart* standard applies.

Pursuant to 22 U.S.C. § 2283 (the Anti-Injunction Act), "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[3] However, the Anti-Injunction Act applies *only* when there is a pending state court action. *See B & A Pipeline Co. v. Dorney*, 904 F.2d 996, 1001-1002 (5th Cir. 1990) (emphasis added). Simply put, the Anti-Injunction Act is entirely inapposite here because there is no pending state court action. Twin City timely removed Key Energy's case filed in state court in Midland, such that there is no basis for invocation of the Anti-Injunction Act as is claimed by Key Energy.[4]

---

[3] Specifically, "[if] an injunction would be barred by § 2283, this should also bar the issuance of a declaratory judgment that would have the same effect as an injunction." *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988).

[4] Twin City informed Key Energy that it would remove the action filed in state court in Midland. Nevertheless, Key Energy persisted in filing its Motion to Dismiss or Stay. After it was filed, Twin City told Key Energy that it had removed the Midland case and requested that Key Energy withdraw the obviously meritless motion. Key Energy refused.

4

## 2. Twin City's Coercive Claim Renders *Brillhart* Abstention Inapplicable

Next, under *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994) (applying *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942)), a federal court applies certain factors in determining whether it should exercise its discretion to decide a declaratory judgment action. *Id.* at 590-591. However, when declaratory relief is sought in conjunction with coercive relief, the court is instead directed to apply the standards enunciated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F. 3d 647, 652 (5th Cir. 2000). In this case, Twin City seeks declaratory relief and additionally sues Key Energy for breach of contract. Twin City's coercive claim for breach of contract thus removes this Court's discretion from the ambit of *Brillhart* and causes the Court to consider, if anything, the *Colorado River* factors in assessing abstention. In fact, however, as shown below, this is not an abstention case at all given that this Court is faced with a parallel *federal* court proceeding. However, if it were, and the *Colorado River* factors were applied, such an application would warrant denial of Key Energy's Motion.[5]

---

[5] The *Colorado River* abstention doctrine represents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. Given such an admonition, the Supreme Court has identified six relevant factors to be considered: (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *See Black Sea Inv., Ltd.*, 204 F. 3d at 650. In this case, all factors weigh heavily against abstention.

First, this case simply does not involve any res or property over which any court has taken control. Second, as discussed further *infra*, a Midland, Texas forum is entirely inconvenient to both parties; in contrast, Houston is actually where Key Energy is based. Third, "the real concern at the heart of [the third] factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea Inv., Ltd.*, 204 F. 3d at 650-651. Since no court has assumed jurisdiction over a disputed res, there is no such danger here and this factor weighs against abstention. Fourth, since "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions," this factor strongly favors Twin City's position. *Id.* at 651, citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983). Twin City properly moved for summary judgment on March 2, 2009, Key Energy filed its opposition to Twin City's motion, and Twin City has already replied. By contrast, the only activity in Key Energy's case has been removal of the action, Twin City's Answer, Twin City's Motion to Stay or Transfer Venue to this Court, and Key Energy's improper service of discovery on Twin City in contravention of Fed. R. Civ. P. 26(d). As in *Black Sea*, though Twin City has devoted substantial energy to jurisdictional matters in the Key Energy case, no progress has been made on the merits. *See id.* Fifth, though this case involves only issues of state law (as it is a breach of contract dispute), as stated in *Black Sea*, "[t]he absence of a federal-law issue does not counsel in favor of

In footnote 7 to its Motion, Key Energy inappropriately attempts to characterize Twin City's breach of contract claim as a mere boiler plate request for costs and attorney's fees, akin to those commonly found in a prayer for relief. Key Energy presumably does so in an effort to convince this Court that Twin City's coercive claim is "frivolous."[6] Key Energy's efforts are futile. Twin City has sufficiently pled each element of its breach of contract claim: 1) there was a valid contract between Plaintiff Twin City and Defendant Key Energy (the relevant insurance policy); 2) Twin City performed its obligations under the policy; 3) Key Energy breached the contract by demanding payment from Twin City without satisfying the exhaustion provision of the policy, a material condition precedent to Twin City's payment obligations;[7] and 4) Key Energy thereby caused Twin City to incur damages to defend its coverage position and participate in ADR. Key Energy further breached the contract of insurance (specifically, the "Maintenance of Underlying Insurance Clause") when, pursuant to a settlement agreement, it released RLI, the lower level excess carrier, of its obligations. Thus, Twin City's case is similar to *Southwind Aviation v. Bergen Aviation*, 23 F.3d 948 (5th Cir. 1994) in which the court held

---

abstention." *Id. See also Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 915 (9th Cir. 1993) (declining to abstain when there was a breach of contract claim, reasoning that the existence of state law issues by itself does not outweigh a federal court's obligation to provide a complete and prompt resolution of all claims). Further, this case does not present a novel issue of state law given that there is no dearth of Texas state law saying that contracts are enforced according to their terms. It is an express term of the Twin City policy that Key Energy was required to exhaust the Underlying Insurance before demanding payment from Twin City, which it failed to do when it released RLI of its obligations. The contract itself did not allow "gap-filling," as attempted by Key Energy. This Court is simply being asked to interpret the contract of insurance. Finally, since there is no action pending in state court, the sixth factor is inapplicable. However, even if there were a state court to adjudicate Key Energy's claim, federal courts are cautioned that this factor "can only be a neutral factor or one that weighs against, not for, abstention." *Black Sea Inv., Ltd.*, 204 F. 3d at 651, *citing Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988). As such, none of the factors supports *Colorado River* abstention.

[6] *See Trent v. National City Bank of Indiana*, 145 Fed. Appx. 896, 898 (5th Cir. 2005) (attached hereto as Ex. 7) (when a party seeks both coercive and declaratory relief, the court may still apply *Brillhart* if the request for coercive relief is "frivolous"); *see also Black Sea Inv., Ltd.,* 204 F. 3d at 649-650.

[7] Failure to satisfy a condition precedent is construed as a breach of contract. *See, e.g., Alpha Telecommunications, Inc. v. Int'l Business Machines Corp.*, 194 Fed. Appx. 385, 389 (6th Cir. 2006) (attached hereto as Ex. 3) (noting that when a party "repudiates a contract before the occurrence of a condition precedent to the party's performance, the adverse party may treat the entire contract as broken and sue for breach of contract"). Where a contract is breached by a repudiation of a material conditional precedent, the contract is breached in its entirety. *See McManus v. Bendlage*, 82 Cal. App. 2d 916 (2d Dist. 1947) (attached hereto as Ex. 6). There can be nothing more "material" for an excess insurer than the insured's compliance with satisfaction of the exhaustion provision of the policy prior to making demand for coverage. Key Energy's failure to satisfy the express exhaustion provision prior to making such demand on Twin City was its breach.

that *Brillhart* abstention did not apply because plaintiff's declaratory action also sought "coercive remedies for the breach of contract in the form of damages, attorney's fees, and injunctive relief." *Id*. at 951 (inclusion of coercive remedies "indisputably" removed suit from the ambit of a declaratory judgment action). It bears noting that in the "Damages" section of its complaint, Twin City *also* requests its reasonable attorneys' fees, costs, and other litigation expenses in bringing its lawsuit. That request is distinct from the relief it seeks as a result of Key Energy's breach of the insurance contract: the breach of contract damages relate to Key Energy's premature institution of ADR; the latter damages relate to the costs of the present litigation.[8]

**B.  This Court Should Apply the Standards Applicable to Parallel Federal Actions and Retain Jurisdiction**

Given that there is no state action pending in the first instance (since Twin City timely removed Key Energy's complaint filed in state court in Midland and no effort has been made to remand the case), but there is a parallel *federal* action, this Court may apply the doctrine set forth in *Igloo Products Corp. v. Mounties, Inc.,* 735 F. Supp. 214, 217 (S.D. Tex. 1990) (holding that in deciding which court should maintain jurisdiction over claims that arise out of the same subject matter but are pressed in different suits, the "first-filed rule" is applied). In *Igloo*, the defendant moved for dismissal based on the pendency of a proceeding previously filed in state court. The defendant had originally argued that the federal court should abstain from jurisdiction based on the standards of *Colorado River*. However, because the plaintiff removed the state court proceeding to federal court, the court applied the standard for dismissal due to the pendency of a parallel federal proceeding rather than the stricter standard governing abstention due to the pendency of a related state court proceeding. *Id.* Since this case presents similar circumstances, this Court may apply the rule of *Igloo*.

---

[8] It bears noting that it may be an abuse of discretion for a district court to refuse declaratory relief when other claims are joined in the action that are closely intertwined with the declaratory judgment claim. In such cases, "the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *See Government Employees Ins. Co. v. Dizol*, 133 F. 3d 1220, 1225 (9th Cir. 1998) (en banc); *Adrian Energy Assocs. v. Michigan Pub. Service Comm'n*, 481 F.3d 414, 422 (6th Cir. 2007).

Although in general under the *Igloo* rule, the forum of the first-filed suit is favored,[9] the court may decline to favor that forum if the rule is outweighed by other considerations. *See, e.g., Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). First and foremost, pursuant to the parties' agreement following mediation, it was *pre-arranged* that the parties would file on the same date, that date being February 9, 2009. The only reason that Twin City's complaint was filed after Key Energy's (and it was merely eight hours) was because of difficulties experienced by local counsel in utilizing the Court's electronic filing system. (Hornback Aff.) As such, Twin City should not now be penalized for its good faith efforts to litigate in the obviously most convenient and appropriate forum in Texas.

In this case, there are numerous other compelling circumstances that warrant departure from the "first-to-file" rule. Courts in the Fifth Circuit have consistently found that filing suit in anticipation of being sued is grounds for setting aside the first-filed rule. *See, e.g., Johnson Bros. Corp. v. International Brotherhood of Painters*, 861 F. Supp. 28, 29 (M.D. La. 1994); *Igloo Products Corp.*, 735 F. Supp. at 217. Courts disfavor anticipatory suits because they are an aspect of forum shopping that deprive potential plaintiffs of their choice of forum. *See Frank's Tong Service, Inc. v. Grey Wolf Drilling Co., LP*, 2007 WL 5186798, *3-4 (S.D. Tex. Sept. 7, 2007) (attached hereto as Ex. 5), *citing, inter alia, 909 Corp. v. Bolingbrook Police Pension Fund*, 741 F. Supp. 1293 (S.D. Tex. 1990). Thus, courts are advised to consider whether a plaintiff has filed suit in anticipation of being drawn into litigation in another forum. *Id.*, *citing Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967); and *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983).

In this case, Key Energy has engaged in the most egregious form of forum shopping. By its own admission, Key Energy filed its complaint at 12:03 a.m. in state court in Midland, Texas, clearly in anticipation of Twin City's filing suit. As set forth in greater detail in Twin City's Motion to Stay or Transfer Venue (Johnson Decl., Ex. F.), neither Key Energy's nor Twin City's

---

[9] When one of the federal cases has been removed from state court, courts look to the date on which it was filed in state court. *See Igloo Products Corp.,* 735 F.Supp. at 217.

case bears any materially significant connection to a Midland, Texas forum. Twin City is an Indiana corporation with its principal place of business in Hartford, Connecticut and Key Energy is a Maryland corporation with its principal place of business in Houston, Texas. Further, Key Energy has been headquartered in Houston since 2005, at least two years before it breached its contract with Twin City. The Underlying Litigation, much of which did take place in Midland, is not relevant to the current contract dispute. To our knowledge, all potential witnesses, should the case proceed to trial, are located in Houston, Dallas, or outside of Texas. Key Energy even chose to initiate ADR in Houston despite the fact that, pursuant to a policy provision, it was entitled to do so anywhere in Texas. Put simply, this case has nothing of relevance to do with Midland, Texas. Key Energy thus engaged in forum shopping in an entirely inconvenient venue in anticipation of Twin City's case being filed against it in Houston. As such, this Court should depart from the mechanical "first-to-file" rule and not deprive Twin City of its choice of forum. Otherwise, this Court would affirm the very forum shopping courts seek to prevent.

In addition to considerations of forum shopping or anticipatory filing, the *Igloo* court looked by analogy to considerations that govern transfer of venue under 28 U.S.C. § 1404(a). *See Igloo*, 735 F. Supp. at 218 (a district court may transfer a case "[f]or the convenience of parties and witnesses" or "in the interests of justice"). On March 17, 2009, Twin City filed its Motion to Stay or Transfer Venue (under 28 U.S.C. § 1404(a)) in the Western District of Texas, Midland-Odessa Division. (Johnson Decl., Ex. F.) Again, because this case bears no materially significant connection to a Midland, Texas forum, Houston is the appropriate forum in which to litigate the present dispute. In its Opposition to Twin City's Motion to Stay or Transfer Venue, Key Energy has not identified a single witness located in Midland to support its position that Midland is the more convenient forum.

Key Energy's choice of forum should be given no weight because it chose to file in a place where it was not even located; again, Key Energy is headquartered in Houston, <u>not</u>

9

Midland. Further, Key Energy's argument that it is the "true plaintiff" in this dispute, such that its choice of forum should be afforded deference, is misguided; in addition to declaratory relief, Twin City seeks recovery of monies from Key Energy incurred as a result of Key Energy's breach of its contract of insurance. See Key Energy's Motion to Dismiss or Stay ("Motion"), p. 12. Allegations that Twin City is not a "true plaintiff" are groundless.

Providing further support for Twin City's choice of venue, this is certainly "not a case where the facts call for application of the first-filed rule without hesitation. [] This is not a situation where the court handling the first action has already decided preliminary issues in the case or invested considerable time in familiarizing itself with the cases's [sic] merits. Nor is this a situation where the second action was brought solely to vex the plaintiff in the first suit." *See Berisford Capital v. Central States, Southeast & Southwest Areas Pension Fund,* 677 F. Supp. 220, 225 (S.D.N.Y. 1988). Again, the only activity to date in Key Energy's case in the Western District of Texas, has been Twin City's removal of the case to federal court, the filing of Twin City's Answer as well as its Motion to Stay or Transfer Venue to this Court and Key Energy's improper service of discovery on Twin City in contravention of Rule 26(d) of the Federal Rules of Civil Procedure. The court in Midland presumably has invested little or no time in familiarizing itself with the case's merits. Further, Twin City cannot be said to have brought its action solely to "vex" Key Energy. Twin City and Key Energy both filed suit on the *same day* following an agreed-upon shortening of the mandatory waiting period for filing suit.[10]

Twin City further suggests that, rather than applying a mechanical "first-to-file" rule, this Court consider "how much progress has been made in the two actions." *See Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006) (a case dealing with *Colorado River* abstention). With respect to the *Colorado River* factors, discussed *supra*, the "order in which jurisdiction was obtained" factor only favors abstention when the federal case has not proceeded past the filing of the complaint. *Id.* at 492-493. Here, Twin City properly moved for summary

---

[10] Further, since Twin City was not even served with Key Energy's complaint until days after Twin City filed its own suit, it cannot be said to have brought its action vexatiously.

10

judgment on March 2, 2009, Key Energy filed its opposition to Twin City's motion, and Twin City has replied.[11] As such, Twin City's case, unlike Key Energy's case, has proceeded significantly past the filing of the complaint.[12] Twin City sees no basis on which to engage in contrary analysis when what is presented to this Court is federal forum versus federal forum as opposed to state forum versus federal forum.

Twin City is aware of no case in which the court mechanically applied the first-to-file rule to allow the first-filer to choose a forum where the first-filer was not even located, where none of the potential witnesses were based and where the breach of contract did not occur. Such is the situation here.

Also, given the presence of Twin City's breach of contract action, dismissing Twin City's declaratory relief action would actually create the very piecemeal litigation that the first-to-file rule was designed to avoid. *See, e.g., Sutter Corp. v. P&P Indus., Inc.,* 125 F.3d 914, 917 (5th Cir. 1997), *citing West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985).

In summary, Key Energy's having filed its complaint merely eight (8) hours before Twin City hardly provides a basis for dismissing, staying, or transferring Twin City's case particularly given Key Energy's choice of forum and subsequent conduct. Key Energy is not located in Midland.[13] Twin City filed in Houston where: Key Energy is located, the contract was breached, and the majority of potential witnesses are based. Key Energy filed in an entirely inconvenient forum, and presented and refused to withdraw a meritless motion. Such actions have resulted in

---

[11] Key Energy claims that Twin City prematurely moved for summary judgment. *See* Motion, p. 14, n. 10. Such an allegation is without merit; Twin City complied with all relevant procedural rules. Further, Twin City determined that there was no need to wait to conduct discovery to so move given the nature of the case.

[12] Further, "[c]ourts in this circuit repeatedly recognize that a 'first-filed' declaratory judgment action is entitled to no deference absent substantial progress having occurred in that action." *See, e.g., Torch, Inc. v. LeBlanc*, 947 F.2d 193 (5th Cir.1991); *BP Exploration & Production, Inc. v. Callidus Technologies, L.L.C.*, 2002 WL 31175217, *2 (E.D.La. September 27, 2002) (attached hereto as Ex. 4). Twin City does not contend that Key Energy's case is one only for declaratory relief, but simply points out a persuasive point of law.

[13] Some of the Underlying Litigation took place in Midland. However, there is no need to re-litigate such matters and the present contract dispute bears no other connection to a Midland forum. Despite its argument to the contrary, Key Energy obviously concedes that the Underlying Litigation bears no relevance to the present dispute given that it has failed to file a notice of related case as would be required otherwise.

11

nothing but needless delay and expense. As it has been since the parties participated in mediation months ago, this case is ready for summary relief; summary relief that Key Energy inexplicably now seeks to avoid.

## CONCLUSION

For the foregoing reasons, Twin City respectfully requests that this Court enter an order denying Key Energy's Motion to Dismiss or Stay, and retain jurisdiction in this action.

Respectfully submitted,


      /s/ Harvey G. Brown, Jr.
Harvey G. Brown, Jr.,
S.D. ID. No.: 3178
Texas Bar No. 03130500
Wright Brown & Close, LLP
Three Riverway, Suite 600
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
brown@wrightbrownclose.com
***Attorney in Charge for***
***Plaintiff Twin City Fire Insurance Company,***
***an Indiana Corporation***

Of Counsel:

Michael F. Perlis (admitted *pro hac vice*)
Richard R. Johnson (admitted *pro hac vice*)
STROOCK & STROOCK & LAVAN, LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959
mperlis@stroock.com
rjohnson@stroock.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 1st day of April, 2009, a copy of the foregoing document was served on the following counsel of record via the Court's CM/ECF system.

Lyle Rathwell
Rathwell De Ford & Wallison
25511 Budde Rd., Suite 601
The Woodlands, TX 77380
Telephone: 281-296-8900
Facsimile: 281-296-6970

John M. Sylvester
Jeremy C. Smith
K & L Gates, LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: 412-355-6500
Facsimile: 412-355-6501

              /s/ Harvey G. Brown, Jr.
              Harvey Brown