IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number 4:09-CV-00352 |
| KEY ENERGY SERVICES, INC., | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT KEY ENERGY SERVICES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY ACTION

Lyle Rathwell
S.D. ID No. 11361
State Bar No. 16562500
RATHWELL DE FORD & WALLISON
25511 Budde Rd., Suite 601
The Woodlands, Texas 77380
Telephone:   281.296.8900
Facsimile:   281.296.6970

***Attorney in Charge for Defendant Key Energy Services, Inc.***

Of Counsel:
John M. Sylvester (admitted *pro hac vice*)
PA I.D. No. 42479
Jeremy C. Smith (admitted *pro hac vice*)
PA I.D. No. 93417
K&L Gates LLP
PA Firm No. 148
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone:   412.355.6500
Facsimile:   412.355.6501

Dated: April 17, 2009

# INDEX OF EXHIBITS

Exhibit 1:    *Prodigy Communications Corp. v. Agricultural Excess & Surplus Ins. Co.,*
              No. 06-0598, ___ S.W.3d ___ (Tex. March 27, 2009)

Exhibit 2:    *Financial Industries Corp. v. XL Specialty Insurance Co.,* No. 07-1059,
              ___ S.W.3d ___ (Tex. March 27, 2009)

Exhibit 3:    *Research In Motion, Ltd. v. Motorola, Inc.,* 2008 WL 5191922
              (N.D. Tex. Dec. 11, 2008)

Exhibit 4:    *Sabre, Inc. v. N.W. Airlines, Inc.,* 2004 WL 2533867
              (N.D. Tex. Nov. 8, 2004)

Exhibit 5:    *Kinetic Concepts, Inc. v. Connetics Corp.,* 2004 WL 2026812
              (W.D. Tex. Sept. 8, 2004)

Exhibit 6:    *Capco Int'l, Inc. v. Haas Outdoors, Inc.,* 2004 WL 792671
              (N.D. Tex. April 9, 2004)

Exhibit 7:    Midland Court's Scheduling Order dated March 25, 2009

Exhibit 8:    Key Energy's Opposition Brief to Twin City's Motion to Stay or Transfer
              Venue of the Midland Action

## I.     INTRODUCTION

Key Energy, the aggrieved party and true plaintiff in this action, filed its action first in Midland, Texas, where the Securities Actions were litigated. Twin City, several hours later, filed the instant declaratory judgment action, attempting to choose its preferred forum. For the reasons cited in Key Energy's Motion to Dismiss, the Court should dismiss this later-filed action, and allow the same claims to be resolved in the true plaintiff's chosen forum.[1] The applicable standard, *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), governs this obvious forum-shopped declaratory judgment action, and the *Brillhart* factors weigh in favor of dismissing this action in favor of Key Energy's first-filed Midland Action.

In its response, Twin City does not dispute that the *Brillhart* factors weigh in favor of dismissal or stay. Instead, Twin City simply attempts to misguide this Court, characterizing its prayers for attorney fees and costs and frivolous breach-of-contract claim as a "coercive" claim, which they are not.

Even assuming *arguendo* that the *Brillhart* standard were inapplicable, the Court should dismiss or stay this later-filed action pursuant to *Igloo Products Corp. v. Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990), and the first-to-file rule, especially in light of the fully briefed Motion to Stay or Transfer Venue in the Midland Action and Judge Junell's anticipated ruling.

## II.     ARGUMENT

### A.     The Court Should Dismiss or Stay this Action Pursuant to *Brillhart*

Rather than directly disputing that *Brillhart* and the factors adopted in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994), favor dismissing or staying this action in deference to the Midland Action, Twin City mistakenly contends that *Brillhart* is inapplicable

---

[1]     Obviously, in light of the removal of the Midland Action, the Anti-Injunction Act referenced in Key Energy's Opening Brief does not apply because there is no longer a pending action in state court. Nonetheless, the other arguments and authorities in Key Energy's Opening Brief still apply to support dismissal or stay of this action.

because Twin City has purportedly included a breach-of-contract claim in addition to its declaratory judgment claim. Twin City's attempt to characterize its prayers for attorney fees and costs, as well as its frivolous breach-of-contract claim, as a "coercive" claim is unavailing and directly contrary to Fifth Circuit precedent.

First, as Key Energy demonstrated in its Opening Brief, Twin City's boilerplate requests for costs and attorney's fees, *see* Twin City's Complaint, ¶ 17 at 5, rather than actual contractual damages, are precisely the type of requests for relief that are insufficient to constitute a "coercive" claim under Fifth Circuit precedent. *See, e.g., Trent v. Nat'l City Bank of Indiana*, 145 Fed. Appx. 896, 898 n.3 (5th Cir. 2005) (per curiam) (declining to find that attorney's fees and costs constitute a request for coercive relief, as to "rule otherwise would essentially swallow the entire *Brillhart* doctrine") (Key Energy's Motion, Ex. F). A coercive breach-of-contract claim must seek *damages*, not merely attorney fees and costs. *See Southwind Aviation v. Bergen Aviation*, 23 F.3d 948, 951 (5th Cir. 1994) (*Brillhart* did not apply where plaintiff's declaratory judgment action also sought coercive remedies for breach of contract, including damages and injunctive relief); *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000) (*Brillhart* doctrine did not apply where plaintiff sought declaratory and injunctive relief).

If Twin City had a "coercive" claim, it would render *Brillhart* inapplicable and implicate the more stringent "exceptional circumstances" abstention standard under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Although the *Colorado River* doctrine is inapplicable, the Court should dismiss the case even under that standard. The applicable factors weigh strongly in favor of abstention: Midland, Texas is a more convenient forum; the Midland Action was first-filed and the Midland Action has progressed more substantively, as discussed *infra*; and this action presents a novel issue of state law.

Second, Twin City's breach-of-contract claim, based upon an alleged breach of the so-called exhaustion provision and the "Maintenance of Underlying Insurance Clause," is frivolous. At most, it would relieve the insurer of its obligation to provide coverage – standing alone, it cannot constitute a breach of contract entitling the insurer to damages. *See, e.g., Trent*, 145 Fed.

Appx. at 898 (*Brillhart* applied where plaintiff's breach-of-contract claim was frivolous); *accord Black Sea*, 204 F.3d at 651-52 (recognizing frivolous exception). Twin City has failed to allege that Twin City was prejudiced by Key Energy's alleged breach. *Prodigy Communications Corp. v. Agricultural Excess & Surplus Insurance Co.*, No. 06-0598, ___ S.W.3d ___, slip op. at 6-7 (Tex. March 27, 2009) (holding that insurer must prove prejudice to deny coverage based on late notice even when labeled as "condition precedent") (Ex. 1). Twin City has failed to cite a single Fifth Circuit or Texas case in support of its proposition that Key Energy's alleged failure to satisfy these provisions constituted a breach of contract, because it cannot.

The cases cited by Twin City are not controlling and not on point. Like grasping the air for breath, Twin City relies on *McManus v. Bendlage*, 82 Cal. App. 2d 916 (2d Dist. 1947), a case decided prior to the emergence of the modern majority rule adopted in Texas requiring an insurer to prove prejudice to deny coverage based on the alleged breach of a policy condition. The current rule, as illustrated in *Financial Industries Corp. v. XL Specialty Insurance Co.*, No. 07-1059, ___ S.W.3d ___, slip op. at 4-5 (Tex. March 27, 2009) (Ex. 2), is that "an insurer must show prejudice to deny payment on a claims-made policy, when the denial is based upon the insured's breach of the policy's prompt-notice provision, but the notice is given within the policy's coverage period." *See also PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 635-37 (Tex. 2008) (recognizing that majority rule requires insurer to prove prejudice to deny coverage based on late notice). Reliance upon *Alpha Telecommunications, Inc. v. Int'l Business Machines Corp.*, 194 Fed. Appx. 385, 389 (6th Cir. 2006), is equally frivolous – a party repudiated a contract before the occurrence of a condition precedent to the party's own performance.

**B.     Whether or Not *Brillhart* Applies, this Court Should Stay or Transfer this Action Pursuant to the First-to-File Rule and the Standards Applicable to Parallel Federal Court Actions**

Even without application of the *Brillhart* standard, this Court should not allow this case to proceed in light of the first-field Midland Action; it should instead stay or transfer this case pursuant to the first-to-file rule. Particularly instructive is this Court's decision in *Igloo Products*

*Corp. v. Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990). In that case, the Court applied the first-to-file rule and the standards applicable to parallel federal court actions in abstaining from exercising jurisdiction and transferring the action to the competing federal forum. Twin City has acknowledged, *Igloo Products* involved similar circumstances as those present here, in that the defendant moved to dismiss the federal court action under *Colorado River*, and the plaintiff in the federal court action removed the defendant's state court action while the motion to dismiss was pending. Under *Igloo Products*, the Midland Action is the proper action in which to decide the merits of the dispute because the Midland Action was filed first. In accordance with Fifth Circuit law, the "'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit must be dismissed, stayed or transferred and consolidated." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997).[2] In this regard, once the court in the second-filed action determines that there is a likelihood of a "substantial overlap" between the two actions, the court should defer to the court in which the first-filed action is pending to make the ultimate determination regarding whether there actually was a substantial overlap between the actions requiring consolidation. *E.g.*, *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604-06 (5th Cir. 1999); *Save Power*, 121 F.3d at 950-51; *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 & n.6 (5th Cir. 1971). These actions involve the same coverage issue, as acknowledged in Twin City's Motion to Stay or Transfer Venue (Johnson Dec., Ex. G to Twin City's Opposition). Thus, at a minimum, this Court should stay this action pending a determination by the Court in the Midland Action on the fully briefed Motion to Transfer filed by Twin City, and potentially determining whether and how this second-filed action should proceed.

---

[2]     *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (holding that the Fifth Circuit "adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed").

## 1. No Exceptional Circumstances Exist to Justify a Departure from the First-to-File Rule

Despite acknowledging the general rule favoring the forum of the first-filed suit, Twin City contends that the first-to-file rule is "outweighed by other considerations" in this case: the actions were filed "merely eight hours apart" on the same day pursuant to the parties' stipulated filing date, as a result of difficulties with the Court's electronic filing system, and Key Energy allegedly engaged in forum shopping in filing the Midland Action. These issues simply do not constitute exceptional circumstances that justify a departure from the first-to-file rule for at least three reasons.[3]

First, contrary to Twin City's implicit assertion, it is well-established that the first-to-file rule applies even when complaints are filed "almost simultaneously," even where filed mere minutes apart. *See, e.g., Research In Motion, Ltd. v. Motorola, Inc.*, 2008 WL 5191922, at *2 (N.D. Tex. Dec. 11, 2008) (judge in second-filed action granted motion to transfer on the 'first-filed' rule, with suits filed *only minutes apart*) (Ex. 3).[4]

Second, Twin City's contention that the first-to-file rule should not apply because Key

---

[3] *See, e.g., Mann Mfg.*, 439 F.2d at 407 ("In the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case."); *Igloo Products*, 735 F. Supp. at 217-18 (plaintiff did not demonstrate "sufficiently compelling circumstances" to dictate departure from the first-to-file rule absent any showing of "oppressiveness or vexatiousness" associated with the forum of the first-filed action that is "all out of proportion" to the convenience of that forum) (marks omitted). *See generally Berisford Capital v. Cent. States, S.E. & S.W. Areas Pension Fund*, 677 F. Supp. 220, 225 (S.D.N.Y. 1988) (applying the first-to-file rule as "well-established and salutary," and concluding that where "the circumstances do not clearly call for departure from the first-filed rule, that rule should be applied without apology").

[4] *Sabre, Inc. v. N.W. Airlines, Inc.*, 2004 WL 2533867, at *3 (N.D. Tex. Nov. 8, 2004) (rejecting defendant's argument that where actions were filed "almost simultaneously," the first-to-file rule is inapplicable, and further holding that even small, insignificant differences in time between the filings do not obviate the first to file rule because it provides "clear answer to which action should be controlling in terms of venue") (Ex. 4); *Eastman Med. Prods., Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 595 (N.D. Tex. 2002) (holding that defendant failed to meet "exceptional circumstances" standard even where two cases were filed almost simultaneously).

Energy engaged in the "most egregious form of forum shopping" by filing the Midland Action clearly in anticipation of Twin City's filing suit is directly contrary to the facts, the parties' course of dealings, and the law. Indeed, it was Twin City that engaged in such tactics in filing this anticipatory action, not Key Energy. While not all declaratory judgment actions are improperly anticipatory, this action appears to have been filed for the improper reason of subverting the true plaintiff's choice of forum. *See, e.g., Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 777 (5th Cir. 1993) (holding that the court will not countenance a party filing a preemptive declaratory judgment action to subvert the real plaintiff's choice of forum); *Kinetic Concepts, Inc. v. Connetics Corp.*, 2004 WL 2026812, at *3-5 (W.D. Tex. Sept. 8, 2004) (Ex. 5) (dismissing plaintiff's declaratory judgment action where filed for "subversive" reasons to gain the advantage of its preferred forum when the defendant should have been given its choice of forum); *Capco Int'l, Inc. v. Haas Outdoors, Inc.*, 2004 WL 792671, at *4 & n.4 (N.D. Tex. April 9, 2004) (Ex. 6). Rather than attempting to distinguish Key Energy's cited cases, Twin City simply suggests its breach-of-contract claim saves it. It does not, as discussed above.

On the contrary, Twin City knew that Key Energy intended to file suit. Lengthy negotiations and the "tenor of the [parties'] relations" made it readily apparent that Key Energy's suit against Twin City was imminent. *See, e.g., Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992), *cert denied*, 507 U.S. 1026 (1993); *Kinetic Concepts*, 2004 WL 2026812, at *4. Key Energy demanded that Twin City provide coverage for the Securities Action in June 2008; after Twin City denied coverage, the parties repeatedly exchanged letters in June and July 2008 setting forth their opposing positions; and Key Energy initiated a AAA mediation -- a pre-requisite to suit. Finally, at Key Energy's request, the parties agreed to shorten the waiting period to commence litigation from 120 days to 62 days from the date of the termination of the mediation, and suit was filed at the first opportunity. *See* Twin City's Opposition at 3 n.1.

Third, while the application of the first-to-file rule does not depend on the relative substantive progress of the competing actions, to the extent that the Court considers this factor, it

also weighs strongly in favor of deferring to the Midland Action. Twin City's Houston Action is not further along, let alone "significantly past the filing of the complaint," as Twin City asserts. Filing a premature motion for summary judgment before Key Energy had even responded to the Complaint or had the opportunity to conduct discovery to develop the record was a transparent move to enable Twin City to claim that this action was "significantly past the filing of the complaint." *See* Twin City's Opposition at 10-11. However, in the Midland Action, the pleadings are closed, the Court has entered a scheduling order setting a discovery deadline of August 24, 2009 and a trial date of November 30, 2009, and discovery between the parties has commenced. *See* Ex. 7. By contrast, in this case, the pleadings are not yet closed, no scheduling order has been issued, and no discovery has commenced. In a desperate attempt to overcome these irrefutable facts, Twin City contends that Key Energy's discovery responses were improperly served on Twin City before the parties held a Rule 26(f) conference. While Twin City is correct that no Rule 26(f) conference has been held, it is of no consequence: neither the Midland Court's scheduling order nor Judge Junell's court procedures require a Rule 26(f) conference, and Twin City failed to respond to Key Energy's offer to have such a conference with counsel. In sum, Twin City cannot attempt to use its own jurisdictional posturing in the Midland Action and its resistance to Key Energy's discovery efforts as a basis to suggest that no progress has been made on the merits in the Midland Action. *See* Twin City's Opposition at 10.

C.     **The Factors Governing Transfers of Venue under 28 U.S.C. § 1404(a) Weigh in Favor of Staying or Transferring this Action**

Pursuant to the first-to-file rule, the Court should stay this action pending Judge Junell's ruling on Twin City's Motion to Stay or Transfer Venue filed in the Midland Action, and Judge Junell's determination of whether this action should proceed. However, to the extent that this Court considers the factors governing a motion to transfer venue under 28 U.S.C. § 1404(a) and *Igloo Products*, such factors weigh strongly in favor of staying this Houston Action in favor of the Midland Action, as set forth in detail in Key Energy's Opposition Brief to Twin City's Motion to Stay or Transfer Venue of the Midland Action, which is attached hereto as Ex. 8,

which Key Energy incorporates by reference herein.

## III.    CONCLUSION

For the foregoing reasons, the Court should dismiss or stay this action pursuant to
*Brillhart*. In the alternative, the Court should stay or transfer this action pursuant to *Igloo
Products*, the first-to-file rule, and the standards applicable to parallel federal court actions.

Respectfully submitted,

_____

John M. Sylvester (admitted *pro hac vice*)
PA I.D. No. 42479
Jeremy C. Smith (admitted *pro hac vice*)
PA I.D. No. 93417
K&L GATES LLP
PA Firm No. 148
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone:    412.355.6500
Facsimile:     412.355.6501

Of Counsel

Dated: April 17, 2009

Lyle Rathwell
S.D. ID No. 11361
State Bar No. 16562500
RATHWELL DE FORD & WALLISON
25511 Budde Rd., Suite 601
The Woodlands, Texas 77380
Telephone:    281.296.8900
Facsimile:     281.296.6970

Attorney in Charge for Defendant Key Energy
Services, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 17th day of April 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Harvey G. Brown, Jr.
WRIGHT BROWN & CLOSE LLP
Three Riverway, Suite 600
Houston, Texas 77056

I further certify that a true and correct copy of the foregoing was served on the following counsel of record by e-mail on this the 17th day of April 2009:

Michael F. Perlis
Richard R. Johnson
STROOK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086


_____
Lyle Rathwell